# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20158

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2016

Lyle W. Cayce
Clerk

W&T OFFSHORE, INCORPORATED,

> Plaintiff - Appellant Cross-Appellee

v.

APACHE CORPORATION,

> Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2931

Before JONES and SMITH, Circuit Judges and BOYLE,* District Judge.

PER CURIAM:**

The court has carefully considered this appeal of a contract breach case in light of the briefs, oral argument, and pertinent portions of the record. W&T contends that Apache's use of improper allocation methods resulted in its being systematically shortchanged for its share of production sales revenues. We

---

\* District Judge of the Northern District of Texas, sitting by designation.

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclude there are no reversible errors of law or fact, and the judgment should be **AFFIRMED**.

The controlling issue, raised by W&T, is whether the Production Handling Agreement it signed with Apache required Apache to use the YZ Sampler rather than the "shakeout method" to measure the basic sediment and water ("BS&W") content of W&T's production flowing through Apache's offshore facility for the purpose of allocating production between the parties. This is an issue of plain-meaning contract interpretation, yet the parties' contract does not expressly require the YZ sampler's use for this purpose. We are unpersuaded by W&T's arguments why such an unexpressed requirement should be read into the unambiguous contract. The contract is not internally inconsistent because it offers flexibility rather than sole use of the YZ sampler to measure BS&W. As the district court put it, after considering the relevant provisions, "W&T's duty to install a [YZ] sampler . . . does not mean that Apache was required to use the sampler as the exclusive means for measuring BS&W." *W&T Offshore, Inc. v. Apache Corp.*, 2014 WL 198492 at *7 (S.D. Tex. 2014). Moreover, the contract is not in conflict with Louisiana law and does not incorporate federal regulations in such a way as to mandate use of the sampler.

W&T also contends that the jury was "confused" by this alleged error and others into rendering a verdict against its breach of contract claim. Consequently, W&T seeks a new trial. Given that the district court did not err in interpreting the parties' contract, however, the court correctly instructed the jury on this issue. The court also properly instructed the jury, if somewhat belatedly, that W&T did not breach the contract's Section 13.01, and we presume the jury followed this instruction. Significantly, W&T requested, or at least acquiesced in, submitting a single, undivided question of breach to the

jury, and it did not seek JMOL or partial summary judgment on any of the other allocation errors it accuses Apache of making.  Together, these procedural facts and the highly contested evidence on each of W&T's assertions render the grant of a new trial inappropriate; the verdict was not against the great weight of the evidence.  The district court did not abuse its discretion in denying a new trial.

We need not consider Apache's conditional cross-appeal.  The judgment is **AFFIRMED**.